Filed 11/15/22  P. v. Owens CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>MARVIN LAMAR OWENS,<br><br>  Defendant and Appellant. | B318208<br><br>(Los Angeles County<br>Super. Ct. No. BA497687) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frederick N. Wapner, Judge. Affirmed.

Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————

Marvin Lamar Owens appeals from the judgment entered following his conviction after a jury trial of willfully inflicting corporal injury on a cohabitant or former cohabitant (Pen. Code, § 273.5, subd. (a)),[1] with a true finding by the jury that Owens had personally inflicted great bodily injury (§ 12022.7, subd. (e)); battery with serious bodily injury (§ 243, subd. (d)); and contempt of court (violation of a domestic violence restraining order) (§ 166, subd. (c)(1)). No arguable issues have been identified following review of the record by Owens's appointed appellate counsel. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Owens in a handwritten supplemental submission. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

The evidence at trial established that Owens and Wannetta W. had an on-and-off dating relationship for an extended period (approximately 16 years). They often lived together. There were multiple instances of domestic abuse during their relationship, although Wannetta did not report most of them because she both cared for Owens and was afraid of him.

On August 9, 2021 Owens and Wannetta lived together on property owned by Wannetta's grandmother. Wannetta testified that, when Owens came home on that day, he asked her why their neighbor was outside with the police. (Owens had had an argument with that neighbor several days earlier.) Wannetta, who was in bed, said she did not know. Owens slapped Wannetta three times, saying "Bitch, stop playing with me." Wannetta walked to the living room to try to end the encounter. Owens

---

[1] Statutory references are to this code unless otherwise stated.

followed and stood over Wannetta as she sat on the couch. When Owens tried to slap Wannetta again, she bit him. He responded angrily, punching her hard three times in the face with a closed fist. Wannetta ran outside and was able to call the 911 emergency number.

Los Angeles Police Officer Felipe Rocha responded to Wannetta's call. In his testimony Rocha described Wannetta's injuries. During his investigation Rocha determined there was a valid, outstanding restraining order prohibiting Owens from making contact with Wannetta.

The day after the incident Wannetta went to the hospital, told the examining physician she thought her nose was broken and had X-rays taken. Medical records confirmed the broken nose. According to Wannetta, it took approximately three weeks to recover from her injuries.

Two other Los Angeles police officers (Keith Sutliff and Aldwin Vicencio) testified about their contact with Wannetta following earlier incidents of domestic violence.

Owens did not testify on his own behalf, and the defense presented no other witnesses. After being fully advised of his rights, Owens admitted pursuant to section 273.5, subdivision (f), that he had been convicted on May 11, 2015 of violating section 273.5, subdivision (a).

Owens was sentenced to an eight-year state prison term: the middle term of four years for inflicting corporal injury on a cohabitant or former cohabitant within seven years of a previous conviction for violating section 273.5, subdivision (a) (§ 273.5, subd. (f)), plus the middle term of four years for the domestic-violence-related great bodily injury enhancement (§ 12022.7, subd. (e)). The court imposed and stayed pursuant to section 654

the middle term of three years for aggravated battery (§ 243, subd. (d)) and imposed a concurrent term of 364 days in county jail for violating the domestic violence restraining order (§ 166, subd. (c)(1)).

Owens filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Owens in this appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Owens on October 12, 2022 that he could personally submit any contentions or issues he wanted the court to consider.

On October 28, 2022 we received nine handwritten pages from Owens, four of which appear to be a copy of a document sent by Owens to his appellate counsel suggesting several possible issues for appeal and the balance of which is Owens's version of the incident that resulted in his convictions. Owens's claims lack merit.

First, Owens points out that the trial court denied his request to replace his appointed counsel, suggesting this was error. It was not.

On the day scheduled for the start of jury selection, the court held a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 to consider Owens's request for a new attorney. Asked what it was that his current counsel was doing or not doing that concerned him, Owens responded that he did not believe she was a bad lawyer, but thought she was too busy for his case and, specifically, had not communicated sufficiently with him while the case was pending. Counsel acknowledged she was busy, but told the court she and Owens had discussed the case, his possible defenses, his exposure and possible plea bargains.

4

According to counsel, there was nothing more to discuss other than the ongoing trial process, which was about to start. And she observed that, now that trial was beginning, Owens's case was the only matter on which she would be working. The court denied Owens's request for new counsel, explaining that his relationship with counsel had not broken down, and there was no indication counsel could not, or would not, adequately represent him at trial. This record does not establish even an arguable abuse of discretion. (See *People v. Streeter* (2012) 54 Cal.4th 205, 230 ["We review the denial of a *Marsden* motion for abuse of discretion. [Citation.] Denial is not an abuse of discretion unless the defendant has shown that a failure to replace counsel would substantially impair the defendant's right to assistance of counsel," internal quotation marks omitted].)

Second, Owens contends Officer Rocha was impermissibly allowed to testify as a medical expert. (He does not identify any particular testimony he contends should not have been permitted.) Owens's counsel objected on that ground when the prosecutor asked Rocha, who was describing Wannetta's injuries, how long it takes for swelling and bruising to develop on a person. The court sustained the objection. The prosecutor then asked Rocha, based on his training and 13 years of experience in responding to domestic violence calls, whether it was true that some injuries do not develop as fast as others. There was no objection, and Rocha responded, "Correct." At that point the prosecutor returned to questioning Rocha about what he actually observed when interviewing Wannetta. Absent a further objection by Owens's counsel, the court properly permitted Rocha to answer the question. In any event, in context there is no reasonable possibility that this single answer could have

prejudiced Owens. (See Evid. Code, § 353 [erroneous admission of evidence is not grounds for reversal unless the error complained of resulted in a miscarriage of justice].)

Third, Owens questions the sentence imposed for violating section 273.5, subdivision (a), contending his prior conviction was more than seven years old and the court had said it was imposing the middle term pursuant to section 273.5, subdivision (a), which would be three years, not four years. As discussed, however, Owens admitted after being fully advised of his rights that he had been convicted of a prior offense under section 273.5, subdivision (a), on May 11, 2015, six years three months prior to the August 9, 2021 aggravated assault. In addition, as part of its advisal before Owens admitted the prior conviction, the court explained the sentencing triad for violating section 273.5, subdivision (a), with a qualifying former conviction pursuant to section 273.5, subdivision (f), was two, four or five years, rather than two, three or four years. The court specifically asked Owens whether he understood the sentencing consequences of admitting the prior conviction, and Owens confirmed he did.[2]

Fourth, Owens complains defense counsel should have cross-examined Wannetta about her motive in reporting the August 2021 assault and Officer Rocha about purported inconsistencies between his testimony and details in the police report he prepared. Owens also suggests Wannetta and Rocha

[2] When imposing sentence, the court stated count 1 was for violating section 273.5, subdivision (a), and then said it was imposing the middle term, four years. It did not say it was imposing the middle term of the subdivision (a) triad, rather than the subdivision (f) triad, which, as had been previously explained to Owens, was applicable because he had a prior conviction within seven years.

6

had a personal relationship of some sort and implies Wannetta and Rocha should have been questioned about that, as well.

To the extent Owens's comments are construed to be a claim of ineffective assistance of counsel, the record in this direct appeal falls far short of supporting that claim. As the Supreme Court explained in *People v. Mickel* (2016) 2 Cal.5th 181, 198, "[C]ertain practical constraints make it more difficult to address ineffective assistance claims on direct appeal rather than in the context of a habeas corpus proceeding. [Citations.] The record on appeal may not explain why counsel chose to act as he or she did. Under those circumstances, a reviewing court has no basis on which to determine whether counsel had a legitimate reason for making a particular decision, or whether counsel's actions or failure to take certain actions were objectively unreasonable. [Citation.] [¶] Moreover, we begin with the presumption that counsel's actions fall within the broad range of reasonableness, and afford 'great deference to counsel's tactical decisions.' [Citation.] Accordingly, we have characterized defendant's burden as 'difficult to carry on direct appeal,' as a reviewing court will reverse a conviction based on ineffective assistance of counsel on direct appeal only if there is affirmative evidence that counsel had ""no rational tactical purpose"" for an action or omission."

Finally, because Owens elected not to testify, his four-page narrative with his version of the August 9, 2021 incident, including his claim he did not strike Wannetta, does not present any colorable issue on appeal.

We have examined the record and are satisfied Owens's appellate counsel has fully complied with the responsibilities of counsel and no arguable issues exist. (*Smith v. Robbins* (2000)

528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


                                        PERLUSS, P. J.

We concur:


        SEGAL, J.



        HOWARD, J.*

---

\*      Judge of the Marin County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.